UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DARREN RASHAD TURNER,

Plaintiff,

v.

ALTAMIRANO,

Defendant.

Case No.: 1:26-cv-06427-KES-EGC (PC)

**ORDER VACATING FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION ISSUED SEPTEMBER 17, 2026**

(Doc. 8)

**FINDINGS AND RECOMMENDATIONS TO DENY APPLICATION TO PROCEED IN FORMA PAUPERIS**

(Doc. 9)

14-Day Objection Period

Plaintiff Darren Rashad Turner is appearing pro se in this civil rights action pursuant to 42 U.S.C. section 1983.

**I. RELEVANT BACKGROUND**

On July 31, 2026, Plaintiff filed a complaint in the Sacramento division of this Court. (Doc. 1.)

On August 12, 2026, Magistrate Judge Chi Soo Kim transferred the action to this Court, as venue is proper in the Fresno division because the alleged constitutional violations occurred in Kings County. (Doc. 4.)

On August 13, 2026, this Court issued its Order Directing Plaintiff to Submit a Completed

and Signed Application to Proceed In Forma Pauperis (IFP) by a Prisoner. (Doc. 6.) Plaintiff was ordered to respond within 30 days. (*Id*. at 2.)

On September 17, 2026, when more than 30 days passed without a response, the Court issued Findings and Recommendations to Dismiss Action for Plaintiff's Failure to Obey Court Orders and Failure to Prosecute. (Doc. 8.) Objections were to be filed within 14 days. (*Id*. at 4.)

On September 28, 2026, Plaintiff filed an IFP application accompanied by an Inmate Statement Report. (Doc. 9.)

The Court will vacate the previously issued Findings and Recommendations concerning dismissal and will recommend Plaintiff's IFP application be denied.

**II. DISCUSSION**

Plaintiff's IFP application indicates he has received money from "other sources" within the past twelve months and includes the following explanation: "Franchise Tax Board - $1,843.00 (August 2026)." (Doc. 9 at 1.) He declares he has no available cash. (*Id.* at 2.) A review of Plaintiff's Inmate Statement Report indicates a beginning balance of $109.00 on February 28, 2026 and a current available balance of $1,730.46 as of August 28, 2026. (*Id*. at 4.) Significantly, a deposit of $1,400.00 was made on July 8, 2026, and additional deposits during the relevant period total just over $1,447.00. (*Id*.)

Prisoners may proceed "without prepayment of fees" by submitting "an affidavit that includes a statement of all asserts such prisoner possesses [and] that the person is unable to pay such fees …." 28 U.S.C. § 1915(a)(1). Although an IFP applicant need not be "destitute," a showing of indigence is required. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). And proceeding IFP is a privilege not a right. *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965). The district court has wide discretion in acting upon IFP motions, particularly in civil actions brought by prisoners. *Torres v. Garcia*, 444 F.2d 537 (9th Cir. 1971).

Here, despite declaring he is unable to pay the fees for this action, Plaintiff has sufficient funds to pay the full filing fee. On the date he filed his complaint — July 31, 2026 — Plaintiff's trust account had a balance of $1,878.86. Thus, Plaintiff had more than adequate funds available to pay the $405.00 filing fee and he should not be permitted to proceed IFP in this action. *See,*

*e.g.*, *Solomon v. Tapia*, No. 1:22-cv-01604-HBK (PC), 2023 WL 1806232, at *1 (E.D. Cal. Jan. 4, 2023) (noting $6,304.38 in available funds and recommending IFP be denied because plaintiff had "sufficient funds to pre-pay the $402 filing fee in full to commence this action"), *recommendation adopted*, No. 1:22-cv-1604-ADA-HBK (PC), 2023 WL 2024925 (E.D. Cal. Feb. 15, 2023); *Casey v. Haddad*, No. 1:21-cv-00855-SKO-PC, 2021 WL 2954009, at *1 (E.D. Cal. June 17, 2021) (finding prior balance of $1,000, despite being decreased to $470 shortly before filing action, sufficient to pay $402 filing fee), *recommendation adopted*, No. 1:21-CV-00855-DAD-SKO-PC, 2021 WL 2948808 (E.D. Cal. July 14, 2021); *Riddell v. Frye*, No. 1:21-cv-01065-SAB-PC, 2021 WL 3411876, at *1 (E.D. Cal. July 9, 2021) (finding available balance of $1,297.21 sufficient to pay $402 filing fee), *recommendation adopted*, No. 1:21-CV-01065-DAD-SAB-PC, 2021 WL 3472209 (E.D. Cal. Aug. 6, 2021).

In sum, Plaintiff is not indigent. *Adkins*, 335 U.S. at 339-40. He had, and continues to have, sufficient funds to pay the filing fee. *Smart*, 347 F.2d at 116. Therefore, he is not entitled to proceed IFP and should be ordered to pay the full filing fee to proceed with this action.

## III. CONCLUSION AND RECOMMENDATIONS

Accordingly, this Court **HEREBY ORDERS** that the Findings and Recommendations issued September 17, 2026 (Doc. 8) are **VACATED**.

Further, for the reasons stated above, the undersigned **HEREBY RECOMMENDS** that:

1. Plaintiff's application to proceed IFP (Doc. 9) be **DENIED**; and
2. Plaintiff be **ORDERED** to pay the $405 filing fee for this action within 30 days of any order adopting these recommendations.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the**

**document and page number. No new exhibits may be filed with objections.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 1, 2026**

Erin Sung Castillo

UNITED STATES MAGISTRATE JUDGE